UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

UNITED STATES OF AMERICA                                                               PLAINTIFF

v.                                                             CRIMINAL ACTION NO. 3:06CR-33-S

SHAUN EDWARD HILL                                                     DEFENDANT

### MEMORANDUM OPINION AND ORDER

This matter is before the court for consideration of the Findings of Fact, Conclusions of Law and Recommendation of the United States Magistrate Judge and the objections thereto filed by the defendant, Shaun Edward Hill.

Hill filed a motion to suppress evidence seized from his vehicle after a traffic stop in July, 2005. He also sought suppression of statements he allegedly made to law enforcement officers at the time of his arrest and during a post-arrest interview. The United States Magistrate Judge heard evidence in the matter on September 28, 2006. He then issued his findings and conclusions recommending that suppression of evidence be denied.

The court has reviewed the transcript and exhibits from the suppression hearing, and has conducted a *de novo* review of that portion of the magistrate judge's report to which Hill objects. For the reasons set forth below, the court concludes that Hill's objections are without merit.

The uncontested portion of the magistrate judge's findings includes the following facts:

On July 27, 2005, two officers with the Louisville Metropolitan Police Department heard extremely loud music coming from a vehicle traveling in the opposite direction. The music was so loud that they not only heard it, but felt the bass vibrations. Accordingly, they turned around and followed the vehicle, intending to stop it for a violation of Louisville's noise ordinances. The officers stopped the vehicle and one, Officer Burden, asked the driver, Shaun Hill, for his license,

registration and proof of insurance. Hill handed Officer Burden a California drivers license. Hill was determined to be a convicted felon. Hill was unable to produce a vehicle registration or proof of insurance. The temporary tag on the rear of the vehicle was expired. Officer Burden decided to arrest Hill and, consequently, removed him from the vehicle. A search of the vehicle disclosed crack cocaine, methamphetamine, and a loaded firearm. Hill was charged with trafficking in crack cocaine, trafficking in methamphetamine, possession of a handgun by a convicted felon, and driving on an expired registration. Hill was given the *Miranda* warning after which he made an incriminating statement.

There is no evidence contradicting the finding that the vehicle was emitting excessively loud music as it traveled past the police officers' cruiser. The officers testified that they proceeded in the opposite direction from the vehicle and turned around to follow it. They testified that as they followed the vehicle, they could read the temporary license tag and saw that it was expired. They stated that the stop of the vehicle was based upon both the excessively loud music, which was a violation of the noise ordinances, and the expired tag, which is a violation of the motor vehicle laws. Hill takes issue with the officers' contention that they could read the tag as they followed the vehicle at night. The magistrate judge heard the testimony, reviewed the photographs of the rear of the vehicle, and found the officers' recitation of facts to be credible. The court has reviewed the transcript and exhibits and does not find the magistrate's findings to be in error on this point. In any event, a stop for violation of the noise ordinances alone would have been proper.

Upon being stopped, Hill could not produce a vehicle registration or proof of insurance. The magistrate judge correctly concluded that failure to produce these items constituted criminal offenses for which Hill could be arrested. KRS 281.765 states that "[a]ny peace officer…shall be authorized and it is hereby made the duty of each of them to enforce the provisions of this chapter and to make arrests for any violation or violations thereof, and for violations of any other law

relating to motor vehicles…without warrant of the offense be committed in his presence…" Hill contends that because KRS 281.765 provides a bond option for a traffic arrest, Hill could not have been taken into custody for the expired tag, or for failure to provide a vehicle registration or proof of insurance. While Hill was arrested for drug trafficking and firearms offense in addition to the expired registration, 281.765 clearly provides the authority for arrest for violation of motor vehicle laws, a bond option notwithstanding.

Officer Burden testified that when he approached the vehicle driver's side window upon stopping Hill's vehicle, he smelled the odor of marijuana. He further testified that while Hill was attempting to locate his license, registration and proof of insurance, Burden glanced into the vehicle and noticed a plume of a baggie sticking out from the console area at the floor near Hill's right foot. In his experience, Burden believed that the baggie might be a tied off baggie of drugs. It was based upon these observations that the officers called in a K-9 to assess the vehicle for concealed drugs. Hill questions Officer Burden's observations, noting that the other officer, Officer Hardison, did not make such observations as he attended to the passenger side of the vehicle. Again, we have reviewed the magistrate's report, the transcript and exhibits, and conclude that there was no error by the magistrate judge in crediting the testimony of Burden concerning his observations. Officer Burden communicated his observations to Officer Hardison. They determined to call in a K-9 unit to pursue the suspicion of concealed drugs in the vehicle. As the initial stop was justified, a search of the vehicle incident to arrest would have been permissible in any event. *Chimel v. California,* 395 U.S. 752 (1969); *United States v. Robinson*, 414 U.S. 218 (1973). Therefore, the detention and investigation of the vehicle through the use of a K-9 unit was not any further intrusion than that already justified by the circumstances. *See also, United States v. Coleman,* 458 F.3d 453 (6th Cir. 2005).

Finally, Hill has offered additional evidence not brought before the magistrate to call into question the testimony of Burden that he learned that Hill was driving on a suspended California

- 4 -

drivers license and that there was an outstanding warrant for Hill's arrest. Hill has provided a copy of a Department of Motor Vehicles ("DMV") record and a Louisville Metro Police call log. There is no question that a call was made from the scene. It is apparent that the call concerned Hill, inasmuch the officers had been apprised that he was a convicted felon. He was charged with being a felon in possession of a firearm, upon discovery of the weapon in the vehicle. By contrast, the passengers were charged with carrying a concealed deadly weapon. The call log confirms that the call for information about Hill was made. That the call came from a phone identified on the log with Hardison's name at the time in question further confirms that the call must have been in relation to this vehicle stop. Finally, a DMV record obtained in June of 2006 does not call into question the information relayed to the officers concerning Hill's driver's status in July of 2005. Even if the status of Hill's drivers license is disregarded, the wealth of other information was more than sufficient for the detention and search of the vehicle.

The court having conducted a *de novo* review of those portions of the magistrate judge's report to which objection has been made, and for the reasons set forth herein and the court being otherwise sufficiently advised, **IT IS HEREBY ORDERED AND ADJUDGED** that the Findings of Fact, Conclusions of Law, and Recommendation of the United States Magistrate Judge are **ACCEPTED AND ADOPTED IN THEIR ENTIRETY**. The motion of the defendant, Shaun Edward Hill, to suppress evidence (DN 12) is **DENIED**.

**IT IS SO ORDERED**.